**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| BRANNEN TIDWELL, | * | |
| Petitioner, | * | CASE NO. 5:09-CV-90055 HL |
| vs. | * | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | CASE NO. 5:07-CR-80 HL |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Tidwell was indicted in this court on August 22, 2007, with said Indictment charging that Brannen Tidwell did counterfeit, falsely make, and forge an obligation of the United States, that is, a falsely made, forged, and counterfeited fifty-dollar Federal Reserve Note in violation of 18 U.S.C.§ 471. Additional Counts 2-5 were dismissed upon Tidwell's plea of guilty and upon Government motion pursuant to a Plea Agreement between the parties.

The court sentenced Tidwell to a term of imprisonment of 60 months on March 13, 2008. (Doc. 25, 28). He appealed his sentence and the same was affirmed by the United States Court of Appeals for the Eleventh Circuit. (Doc. 40). Thereafter, Petitioner Tidwell timely filed a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 41).

## Petitioner's § 2255 Claims

As his Ground One of his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to

28 U.S.C. § 2255, Petitioner Tidwell alleges:

> Ineffective Assistance of Counsel - there were mitigating circumstances and had the Court been aware of them the outcome would have been different. That the Defendant's counsel failed to object to misstatements of fact, facts that were well know to him and to the Prosecution. That the Defendant played a minor role in the scheme and the Prosecution selectively prosecuted him and not other more serious players.

Only in his Memorandum of Law (Doc. 41-2) attached to his Motion does Petitioner Tidwell attempt to elaborate on the *mitigating circumstances* to which he eludes. In his Statement of Facts opening the Memorandum, Tidwell states that his attorney "was well aware of significant mitigating factors that *may* have resulted in a different sentence had the Court known of them." He adds, "The legal argument here is simply stated: the defendant's counsel, by not advising the Court of the mitigating circumstances, contrary to the wishes of the Defendant should be deemed ineffective." Petitioner Tidwell then enumerates what he contends as mitigating circumstances.

He states that rather than abandoning his truck as his company had stated, that his truck was stolen by Mike Rawley, a known drug addict and criminal cohort of Petitioner's estranged spouse, Judy Shields, and that C & A Transportation, his employer, wanted to take Petitioner's truck to complete a contracted delivery in violation of U.S. Department of Transportation Enforcement audit.

Petitioner also states that the Government proffered at sentencing that counterfeit notes had been passed in Franklin, Kentucky, Champaign, Illinois, Atlanta, Georgia, and Murphreesboro, Tennessee, all routes along Defendant's trucking route, when, in fact, Champaign, Illinois, was not on his trucking company route, and, additionally, a counterfeit note was passed in Dublin, Georgia, while Petitioner was incarcerated, and his counsel chose not to dispute the fact.

Petitioner Tidwell repeats a statement given to law enforcement before his guilty plea that,

"I know I made the money but I never passed any." He then states that Ms. Shields, who accompanied him on his last trucking assignment, was an admitted drug addict, had gone unsuccessfully through several drug rehab programs, had assisted Mike Rawley in robberies, and while accompanying Petitioner on his truck route had passed "some of the bills as they ran through Kentucky, Tennessee and Georgia." To these contentions of mitigating circumstances, Petitioner Tidwell adds that, "[T]he prosecutor, although aware of the circumstances regarding Judy Shields and Mike Rawley, chose to selectively prosecute the Defendant, Brannen Tidwell, making him seem to be a lone wolf and a mastermind, when in reality his conduct in the scheme was minor."

None of the contentions proffered by Petitioner Tidwell amount to mitigating circumstances which could alter his sentence or the outcome of his case. He pled guilty to the Count One violation of 18 U.S.C.§ 471, which provides:

> Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both.

Passing the counterfeit money is not required for a violation of 18 U.S.C.§ 471. Section 472 makes passing counterfeit money a criminal violation by itself. Petitioner Tidwell admitted his guilt of violation of 18 U.S.C.§ 471 in his Plea Agreement at Section (3)(A) stating as follows:

> The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges defendant with Counterfeiting and Forging Obligations of the United States in violation of Title 18, United States Code, Section 471.

At Section (7) of the Plea Agreement, Petitioner Tidwell adds:

> [T]he United States Attorney and the defendant stipulate and agree that at trial the United States could prove the following beyond a reasonable doubt:

3

> Brannen Tidwell agrees that the information in the indictment is true and the government can prove the facts beyond a reasonable doubt.
>
> Count One - From on or about November 1, 2006, to on or about December 11, 2006, Brannen Tidwell counterfeited United States obligations consisting of $50.00 Federal Reserve Notes, $20.00 Federal Reserve Notes, and $100.00 Federal Reserve Notes.

None of Petitioner's vague, conclusory, and irrelevant contentions amount to mitigation of his guilt or sentence and cannot affect the outcome of his case in any manner. His contention to the contrary is unfounded in law or logic and fails to support any contention of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chatelain v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Florida Department of Corrections*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the result of the proceedings would have been different. *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000); and *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the

performance prong of the Strickland test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000). Petitioner Tidwell completely fails to suggest how the result of his criminal proceeding could have been different.

Lastly, in his Ground One, Petitioner Tidwell suggest for the first time that he was the victim of selective prosecution. Generally, a defendant waives all nonjurisdictional defects upon pleading guilty to an indictment. *United States v. Smith,* 532 F.3d 1125, 1127 (11th Cir. 2008); *see also United States v. Jennings,* 991 F.2d 725, 730 (11th Cir. 1993)(assuming, without comment, that selective prosecution of a defendant would constitute a defect in the indictment). Moreover, Petitioner Tidwell's contention that he should have been treated as a minor *player* in the counterfeiting scheme goes to the correctness of the calculation of his advisory guideline sentence range and the reasonableness of his sentence. These were the very issues raised and decided adversely to Petitioner on direct appeal and may not be re-litigated here. *See* Doc. 40. The Eleventh Circuit Court of Appeals held in *United States v. Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000):

> The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v Natelli,* 553 F.2d 5, 7 (2nd Cir. 1997).

Petitioner Tidwell submits a **Ground Two** claim in his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 stating:

> Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, in that the search warrant was obtained for a different address.

Petitioner Tidwell did not raise this issue before the trial court, did not reserve it for appeal, and has

5

not address it in his Memorandum Brief.

Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir. 2001); *Jones v. United States,* 153 F.3d 1305, 1307(11th Cir. 1998). This rule generally applies to all claims, including constitutional claims. *See Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300 (1994) ("Where the petitioner – whether a state or federal prisoner – failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation.").

A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. *Brousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 1611(1998); *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994). Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if " a constitutional violation has probably resulted in the conviction of one who is actually innocent. " *Mills,* 36 F.3d at 1055 (citations omitted); *see also Lynn v. United States,* 365 F.3d 1234, 35 (11th Cir. 2004).

Petitioner Tidwell has suggested no cause for failing to raise the issue of unreasonable search and seizure, nor has he suggested any prejudice in the matter. Moreover, by his guilty plea, he has waived any defects in his case prior to his admission of the commission of the crime charged. *See United States v. Smith,* 532 F.3d 1125, 1128 (11th Cir. 2008) ("The general rule is that a guilty plea waives all non- jurisdictional challenges to a conviction."); *United States v. Reynold,* 215 F.3d 1210,

6

1215 (11th Cir. 2000): *see United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 762 (1989)("When the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.").

The knowing and voluntary character of Petitioner's counseled plea has been fully established by his Plea Agreement (Doc. 19) as noted above, the court's colloquy on his guilty plea proffer (Doc. 18), and the Findings of Fact by the court entered after his guilty plea (Doc. 21).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as failing to state a claim upon which this court could grant relief.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 24th day of July 2009.

    **S/ G. MALLON FAIRCLOTH**
    **UNITED STATES MAGISTRATE JUDGE**